UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID C. PATKINS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALOMARI, et al.,<br><br>　　　　　Defendants. | Case No.  1:14-cv-00674-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATION FOR PLAINTIFF TO PROCEED ONLY ON HIS RETALIATION CLAIMS AGAINST DAVIES AND VARGAS (CLAIMS 1 & 2)**<br><br>**(Doc. 13)**<br><br>**30-DAY DEADLINE** |

　　　　Plaintiff filed the complaint in this action on May 7, 2014.  (Doc. 1.)[1]  The Court screened the complaint and dismissed it with leave to amend.  (Doc. 10.)  The First Amended Complaint is before the Court for screening.  (Doc. 13.)

**I.**　　**FINDINGS**

　　　　**A.**　　**Screening Requirement**

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C.

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1

§ 1915(e)(2)(B)(i)-(iii).

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

**B.      Summary of the First Amended Complaint**

Plaintiff complains of acts that occurred while he was housed at California Correctional Institute ("CCI") in Tehachapi, California. Plaintiff names Appeals Coordinator Alomari, Correctional Officers Vargas and Davies, Sergeant Davis, CCII M. Nipper, and Associate Wardens Reed and Hughes as Defendants in this action.

Plaintiff alleges that Defendants obstructed his access to the courts by preventing him from effectively utilizing the institutional grievance procedure at CCI and that he was retaliated against for attempting to do so. Plaintiff delineates the following claims for the violation of his rights against various of the Defendants based on a variety of factual allegations: (1) retaliation against Davies (Doc. 1, pp. 8-11); (2) retaliation against Vargas (*id.*, at pp. 12-14); (3) retaliation against Alomari (*id.*, at pp. 15-18); (4) impairment of access to courts against Alomari (*id.*); (5) retaliation against Alomari (*id.*, at pp. 19-23); (6) retaliation against CCII Nipper (*id.*); (7) retaliation against Alomari (*id.*, at pp. 23-27); (8) impairment of access to courts against Alomari (*id.*); (9) retaliation and due process against Sgt. Davis (*id.*, at pp. 27-33); (10) due process against Ass't. Warden Reed (*id.*); (11) due process against Ass't. Warden Hughes (*id.*); (12) due process against CCII Nipper (*id.*); (13) retaliation against Alomari (*id.*); and (14) impairment of access to courts against Alomari (*id.*). The details of Plaintiff's allegations against each Defendant are discussed where applicable below.

2

As discussed in greater detail below, Plaintiff was previously given the applicable standards for the claims that it appeared he intended to make and he was given leave to file an amended complaint. Plaintiff has stated some cognizable claims upon which he should be allowed to proceed. However, it appears that he is unable to cure the deficiencies of his other claims such that they should be dismissed with prejudice.

### C. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts

are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.  Plaintiff must identify specific facts supporting the existence of substantively plausible claims for relief, *Johnson v. City of Shelby*, __ U.S. __, __, 135 S.Ct. 346, 347 (2014) (per curiam) (citation omitted).

### 2. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones*, 297 F.3d at 934.  "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred."  *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted).  To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights.  *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

### D. Claims for Relief

#### 1. Retaliation

Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so. *Waitson v. Carter*, 668 F.3d 1108, 1114-1115 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir.2009). A retaliation claim has five elements. *Id.* at 1114.

There are five elements that a plaintiff's claim for retaliation must address. First, the plaintiff must allege that the retaliated-against conduct is protected. *Id.* The filing of an inmate grievance is protected conduct, *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005), as are the rights to speech or to petition the government, *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). Second, the plaintiff must show the defendant took adverse action against the plaintiff. *Rhodes*, at 567. Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. *Waitson*, 668 F.3d at 1114. Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Robinson*, 408 F.3d at 568 (internal quotation marks and emphasis omitted). Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution. . . ." *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir.1985).

It bears repeating that while Plaintiff need only allege facts sufficient to support a plausible claim for relief, the mere possibility of misconduct is not sufficient, *Iqbal*, 556 U.S. at 678-79, and the Court is "not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

The conduct identified by Plaintiff as retaliatory must have been *motivated by* his engaging in a protected activity, and the conduct must *not* have reasonably advanced a legitimate penological goal. *Brodheim*, 584 F.3d at 1271-72 (citations omitted).  Thus, mere allegations that Plaintiff engaged in protected activity, without knowledge resulting in animus by a Defendant, is insufficient to show that Plaintiff's protected activity was the motivating factor behind a Defendant's actions.

### a. Plaintiff's Claims

#### (1) Claim 1 – Davies (Doc. 1, pp. 8-11)

In this claim, Plaintiff alleges that he submitted an inmate appeal on March 25, 2012 and the very next day, Davies and Vargas ransacked his cell and Plaintiff was subsequently accused of damaging state property and was threatened that he would have to pay for it.  Plaintiff further alleges that he was called a "trouble-maker" and that rumors were started by the Porter of Building 4 that "something might happen to complainer's property."  On April 23, 2012, Plaintiff submitted a property appeal to Davies who refused to sign it, send it, log it, and did not submit it to the appeals coordinator.  This appeal "has permanently been disposed of."

These allegations state a cognizable retaliation claim against Davies upon which Plaintiff should be allowed to proceed.

#### (2) Claim 2 -- C/O I Vargas (Doc. 1, pp. 12-14)

In this claim, Plaintiff alleges that he arrived at CCI on March 21, 2012.  At that time, he only received one opportunity to shower in eleven days.  Sgt. Davis said that inmates should have one shower every three days, but the prison staff did not follow this direction.  On June 22, 2012, Plaintiff gave Vargas a grievance regarding the showers and the next day Vargas and Davies ransacked his cell.

These allegations state a cognizable retaliation claim against Vargas upon which Plaintiff should be allowed to proceed.

#### (3) Claim 3 -- Alomari (Doc. 1, pp. 15-18)

In this claim, Plaintiff alleges that Alomari variously screened out, cancelled, permanently destroyed, and/or inhibited his ability to file and process a number of inmate appeals.

1    As discussed in the prior screening order, "[a prison] grievance procedure is a procedural
2 right only, it does not confer any substantive right upon the inmates." *Azeez v. DeRobertis*, 568 F.
3 Supp. 8, 10 (N.D. Ill. 1982) *accord Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *see
4 also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of
5 appeals because no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d
6 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on
7 prisoner); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a
8 protected liberty interest requiring the procedural protections envisioned by the Fourteenth
9 Amendment." *Azeez v. DeRobertis*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316
10 (E.D. Mo. 1986). Actions in reviewing prisoner's administrative appeal cannot serve as the basis
11 for liability under a § 1983 action. *Buckley*, 997 F.2d at 495.

12   As discussed in the prior screening order, while Plaintiff does not have a substantive right
13 in the processing and/or handling of his inmate appeals, he is not prohibited from raising the
14 difficulties he has had in attempting to fully exhaust issues raised in his inmate appeals if
15 Plaintiff's failure to exhaust is raised as an affirmative defense to any such claim raised in a case
16 that is filed with a court. However, he is unable to state a cognizable claim based on deficient
17 handling and/or processing of his inmate appeals -- even when cloaked under the title of
18 retaliation and allegedly motivated by his previous filing of inmate appeals. Thus, since he has
19 neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails, and is unable to
20 state a cognizable retaliation claim against Alomari for the processing and/or reviewing of his 602
21 inmate appeals. This claim should be dismissed with prejudice.
22 ///

### (**4**) **Claim 5 -- Alomari (Doc. 1, pp. 19-23)**

24   In this claim, Plaintiff once again alleges that Alomari variously screened out, cancelled,
25 permanently destroyed, and/or inhibited his ability to file and process a number of inmate
26 appeals. As previously discussed, Plaintiff is unable to state a cognizable claim based on
27 deficient handling and/or processing of his inmate appeals -- even when cloaked under the title of
28 retaliation and allegedly motivated by his previous filing of inmate appeals. Thus, since he has

1  neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails, and is unable to
2  state a cognizable retaliation claim against AC Alomari for the processing and/or reviewing of his
3  602 inmate appeals.  This claim should be dismissed with prejudice.

### (5) Claim 6 -- Nipper (Doc. 1, pp. 19-23)

In this claim, Plaintiff once again alleges that Nipper variously screened out, cancelled, permanently destroyed, and/or inhibited his ability to file and process a number of inmate appeals.  As previously discussed, Plaintiff is unable to state a cognizable claim based on deficient handling and/or processing of his inmate appeals -- even when cloaked under the title of retaliation and allegedly motivated by his previous filing of inmate appeals. Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails, and is unable to state a cognizable retaliation claim against Nipper for the processing and/or reviewing of his 602 inmate appeals.  This claim should be dismissed with prejudice.

### (6) Claim 7 -- Alomari (Doc. 1, pp. 23-27)

In this claim, Plaintiff once again alleges that Alomari variously screened out, cancelled, permanently destroyed, and/or inhibited his ability to file and process a number of inmate appeals.  As previously discussed, Plaintiff is unable to state a cognizable claim based on deficient handling and/or processing of his inmate appeals -- even when cloaked under the title of retaliation and allegedly motivated by his previous filing of inmate appeals.  Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails, and is unable to state a cognizable retaliation claim against Alomari for the processing and/or reviewing of his 602 inmate appeals.  This claim should be dismissed with prejudice.

### (7) Claim 9 --Davis (Doc. 1, pp. 27-33)

Plaintiff alleges that on June 4, 2012, he was the victim of excessive force by a correctional officer who is not named as a defendant in this action. (*Id.*, at pp. 27-28.) Thereafter, Plaintiff filed an inmate appeal, which he ended up withdrawing on representation by a correctional lieutenant that in exchange for Plaintiff doing so along with giving a video representation that no investigation was necessary, Plaintiff could return to normal prison programming. (*Id.,* at p. 28.)  However, when he was placed in a holding cage after giving the

video, Plaintiff was approached by Davis who insisted that Plaintiff sign the CDC-1140, fear order. (*Id.*) When Plaintiff refused to sign it, explaining that it was all over and he was "just waiting to go back to yard," Davis told Plaintiff that he was going to Ad Seg because Plaintiff had filed a staff misconduct appeal. (*Id.*) These allegations state a cognizable retaliation claim against Davis.

### (8) Claim 13 -- Alomari (Doc. 1, pp. 27-33)

In this claim, Plaintiff once again alleges that Alomari variously screened out, cancelled, permanently destroyed, and/or inhibited his ability to file and process inmate appeals. As previously discussed, Plaintiff is unable to state a cognizable claim based on deficient handling and/or processing of his inmate appeals -- even when cloaked under the title of retaliation and allegedly motivated by his previous filing of inmate appeals. Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails, and is unable to state a cognizable retaliation claim against Alomari for the processing and/or reviewing of his 602 inmate appeals. This claim should be dismissed with prejudice.

### 2. Access to the Courts

Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury,* 536 U.S. 403, 412-15 (2002).

To assert a forward-looking access claim, the non-frivolous "underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.*, 536 U.S. at 416. To state a claim, the plaintiff must describe this "predicate claim . . . well enough to apply the 'non-frivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Id*. It is not enough for Plaintiff merely to conclude that the claim was non-frivolous. Instead, the complaint should "state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a) just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim

and presently unique to it." *Id*. at 417–418.

Moreover, when a prisoner asserts that he was denied access to the courts and seeks a remedy for a lost opportunity to present a legal claim, he must show: (1) the loss of a non-frivolous or arguable underlying claim; (2) the official acts that frustrated the litigation; and (3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. *Phillips v. Hust*, 477 F.3d 1070, 1076 (9th Cir.2007) (citing *Christopher*, 536 U.S. at 413–414, overruled on other grounds*, Hust v. Phillips*, 555 U.S. 1150, 129 S.Ct. 1036, 173 L.Ed.2d 466 (2009)).

"[T]he injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. Inmates do not enjoy a constitutionally protected right "to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Id.* at 355. Rather, the type of legal claim protected is limited to direct criminal appeals, habeas petitions, and civil rights actions such as those brought under section 1983 to vindicate basic constitutional rights. *Id.* at 354 (quotations and citations omitted). "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355 (emphasis in original).

### a. Claim 4 (Doc. 1, at pp. 15-18); Claim 8 (id., at pp. 23-27); and Claim 14 (id., at pp. 27-33).

Plaintiff attempts to state three claims against Alomari for impairing his ability to access the courts -- Claim 4 (Doc. 1, at pp. 15-18); Claim 8 (id., at pp. 23-27); and Claim 14 (id., at pp. 27-33). Plaintiff's allegations against Alomari under these claims are purely based on the handling of his inmate appeals. If Plaintiff were to file a lawsuit based on one of the issues that Plaintiff raised in an inmate appeal that he feels Alomari wrongly handled and if the defendants in that lawsuit raised the affirmative defense of Plaintiff's failure to exhaust available administrative remedies, Plaintiff would be able to raise the discrepancies/deficiencies in Alomari's handling of his inmate appeal on that issue in response. *See Akhtar v. Mesa*, 698 F.3d 1202, 1210 (9th Cir. 2012). However, as stated in the prior screening order, the interference, that Plaintiff alleges, with his use of the prison grievance system, in and of itself, does not amount to a cognizable

claim for violation of his right of access to the court.

Further, Plaintiff's allegations in this regard still fail to state at all, let alone in detail, what meritorious action he has been frustrated or hindered from pursuing or has lost that cannot now be pursued/tried. *See Christopher,* 536 U.S. at 412-15. Accordingly, Claims 4, 8, and 14 against AC I Alomari for impairment of Plaintiff's access to courts are not cognizable and should be dismissed.

### 3. Due Process

Plaintiff attempts to state the following due process claims: Claim 9 against Sgt. TG Davis (Doc. 1, at pp. 27-33); Claim 10 against Ass. Warden S Reed (*id.*, at pp. 27-33); Claim 11 against Ass. Warden R Hughes (*id.*, at pp. 27-33); and Claim 12 against CCII M Nipper (*id.*, at pp. 27-33).

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

In this regard, Plaintiff alleges that that on June 4, 2012, he was the victim of excessive force by a correctional officer.[2] (*Id.*, at pp. 27-28.) Thereafter, Plaintiff filed an inmate appeal, which he ended up withdrawing on representation by a correctional lieutenant that in exchange for Plaintiff doing so along with giving a video representation that no investigation was necessary, Plaintiff could return to normal prison programming. (*Id.*, at p. 28.) However, when he was placed in a holding cage after giving the video, Plaintiff was approached by Davis who insisted that Plaintiff sign the CDC-1140, fear order. (*Id.*) When Plaintiff refused to sign it,

---

[2] This incident is not raised, nor did Plaintiff name the offending correctional officer as a defendant in this action.

11

explaining that it was all over and he was "just waiting to go back to yard," Davis told Plaintiff that he was going to Ad Seg because Plaintiff had filed a staff misconduct appeal. (*Id.*) Plaintiff alleges that Reed, Hughes and Nipper were on the Ad-Seg Committee and that at the hearing, on July 17, 2012, they upheld Davis' Ad-Seg punishment of Plaintiff which imposed "atypical and significant hardship in relation to the ordinary incidents of prison life." (*Id.*) Plaintiff's allegations fail to show that he has a liberty interest in remaining free from Ad. Seg. placement and his allegations of the "atypical and significant hardship" are nothing more than "[t]hreadbare recitals of the elements of a cause of action" which need not be accepted. *See Iqbal*, 556 U.S. at 678.

Further, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Id.* at 563-71. As long as the five minimum *Wolff* requirements are met, due process has been satisfied. *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994). Plaintiff's claims in this regard are also not cognizable as he fails to state any allegations as to whether the *Wolff* requirements were met.

### a. *Heck v. Humphrey*, 512 U.S. 477 (1994)

Also, Plaintiff alleges that his "yearly, or November annual was delayed" and that when it was held on January 13, 2013, he "was further injured [sic] the loss of 4 months Close-B custody credits ( -- from 7-7 to 11-6-12), depriving [Plaintiff] lower custody placement -- a waiting of 10 years priviledge [sic] to be imposed at [that annual] hearing; denied, also, at 3-18-13 hearing on appeal." (*Id.*, at pp. 29-30.)

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to a change in level of custody (i.e. from the SHU or Ad Seg. to general population), his federal remedy is a writ of habeas corpus. *See Nettles v. Grounds*, 788 F.3d 992, 1004 (9th Cir. 2015). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488.

Plaintiff does not state any allegations to indicate that his placement in Ad Seg has been reversed, expunged, declared invalid, or called into question. Thus, *Heck* bars Plaintiff from pursuing his due process Claims 9-12 which he alleges resulted in a loss of four months of Close-B custody credits.

### 4. Rule 18

Federal Rule of Civil Procedure 18(a) states:

> A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), citing 28 U.S.C. § 1915(g).

As discussed above, Plaintiff has stated cognizable retaliation claims against Davies, Vargas and Davis. However, there is no discernable relation between Plaintiff's allegations

against Davis and his allegations against Davies and Vargas. There is neither an overlap of factual allegations, nor of Defendants between his allegations against them. Thus, it would violate Rule 18 to allow Plaintiff to proceed on his retaliation claim against Davis and his allegations against Davies and Vargas in the same action. Thus, Plaintiff should be allowed to proceed on his cognizable retaliation claims against Davies and Vargas (Claims 1 & 2), but his retaliation claim against Davis should be dismissed without prejudice from this action.

## II.     CONCLUSION & RECOMMENDATION

Plaintiff's First Amended Complaint states cognizable retaliation claims against Defendants Davies and Vargas (Claims 1 and 2) as well as against Defendant Davis (Claim 9). However, since the claim against Defendant Davis is not related to the claims against Defendants Davies and Vargas, it should be dismissed without prejudice under Rule 18. Plaintiff fails to state any other cognizable claims in this action. It is noteworthy that Plaintiff's retaliation claims against Defendants Davies and Vargas were the only claims found cognizable in the prior screening order. (*See* Doc. 10.) Given Plaintiff's persistence in attempting to state causes of action that he as previously been advised are not actionable, as well as his efforts to make such claims cognizable under the rubric of inapplicable legal standards (i.e. the allegedly deficient handling of his inmate appeals as retaliation for his protected activities), it appears the deficiencies in Plaintiff's pleading are not capable of being cured through amendment which would make subsequent leave to amend futile, *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012), and Plaintiff should not be given leave to amend his section 1983 claims.

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's First Amended Complaint on Plaintiff's claims (Claim 1 and Claim 2) against Defendants Vargas and Davies for retaliation in violation of the First Amendment;

2. That Plaintiff's claim (Claim 9) against Defendant Davis for retaliation in violation of the First Amendment should be dismissed from this action, without prejudice, so as not to violate Rule 18;

3. All other claims and Defendants should be dismissed with prejudice from this

1 action based on Plaintiff's failure to state cognizable claims under section 1983.

2 These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **Within 30 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 4, 2015**                            **/s/ Jennifer L. Thurston**
                                                                                  UNITED STATES MAGISTRATE JUDGE

15