# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID C. PATKINS,<br><br>    Plaintiff,<br><br>    v.<br><br>ALOMARI, et al.,<br><br>    Defendants. | Case No.: 1:14-cv-0674-LJO-JLT (PC)<br><br>**ORDER OPENING DISCOVERY SOLELY ON ISSUE OF EXHAUSTION OF ADMINISTRATIVE REMEDIES**<br><br>(Doc. 37) |

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding on the First Amended Complaint against Defendants I. Vargas and T. Davies ("Defendants") for retaliation in violation of the First Amendment. Defendants filed a motion for summary judgment asserting that Plaintiff failed to exhaust administrative remedies prior to filing suit. (Doc. 26.) Plaintiff requested copies of three specific inmate appeals, which was granted. (Doc. 29, 30.) Defendants thereafter withdrew their motion for summary judgment based on newly discovered evidence and filed a response noting that two of the three inmate appeals Plaintiff requested were not retained because they were screened out, but that the third, though screened out because of defects, was produced with various screening documents attached. (Doc. 33.) Plaintiff thereafter objected to Defendant's response and production regarding the three requested inmate appeals and now requests that he be allowed to conduct discovery regarding his exhaustion efforts before Defendants file their new motion for summary judgment. (Doc. 37.) Defendants filed their renewed motion for summary judgment on the same day that

Plaintiff signed his objections and request for discovery.  (Doc. 34.)

Thus, discovery will be permitted solely on the issues raised in the dispositive motion and SHALL proceed as follows.

1. Discovery requests shall be served by the parties pursuant to Federal Rule of Civil Procedure 5 and Local Rule 135 and shall only be filed when required by Local Rules 250.2, 250.3, and 250.4.

2. Responses to written discovery requests shall be due 45 days after the request is first served.

3. Responses to document requests shall include all documents within a party's possession, custody, or control.  Federal Rule of Civil Procedure 34(a)(1).  Documents are deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof, or the legal right to obtain the property on demand.

4. The parties are limited to 25 interrogatories as permitted by Federal Rule of Civil Procedure 33, 25 requests for admission made according to Federal Rule of Civil Procedure 36, and 25 requests to produce made according to Federal Rule of Civil Procedure 34.  The parties are required to act in good faith during the course of discovery and are reminded that failure to do so may result in the imposition of sanctions.

5. To ensure that the responding party has 45 days after the request is first served to respond, discovery requests must be served at least 45 days before the discovery deadline.  The parties may wish to serve discovery requests well in advance of the discovery deadline because all motions to compel must be filed on or before the discovery deadline.

6. Pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), Defendants may depose Plaintiff and any other witness confined in a prison, by video[1] or in person, upon condition that, at least 14 days before such a deposition, Defendants serve all parties with the notice required by Federal Rule of Civil Procedure 30(b)(1).

7. If disputes arise about the parties' obligations to respond to requests for discovery, the parties shall comply with all pertinent rules including Rules 5, 7, 11, 26, and 37 of the Federal Rules

---

[1] This permission is on the condition that it is consistent with prison policy and the prison has the needed equipment for the video deposition.

of Civil Procedure and Rules 110, 130, 131, 133, 135, 142, 144, and 230(l) of the Local Rules of Practice for the United States District Court, Eastern District of California.  Unless otherwise ordered both Local Rule 251 and the requirement set forth in Federal Rules of Civil Procedure 26 and 37 that a party seeking relief from the court certify that he or she has in good faith conferred or attempted to confer with the other party or person in an effort to resolve the dispute prior to seeking court action shall not apply.  However, voluntary compliance with this provision of Rules 26 and 37 is encouraged. A discovery motion that does not comply with all applicable rules will be stricken and may result in imposition of sanctions.

Accordingly, it is HEREBY ORDERED, that:

1. Plaintiff's motion to be allowed to conduct discovery on the issue of exhaustion, filed April 11, 2016 (Doc. 37) is GRANTED and discovery shall be conducted within the parameters set forth herein;

2. the deadline for completion of all discovery on Plaintiff's exhaustion efforts is June 12, 2016; and

3. Plaintiff's opposition to Defendants' motion for summary judgment is due July 12, 2016.

IT IS SO ORDERED.

Dated:   **April 12, 2016**               **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE